**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff*,
John Mazaheri

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN MAZAHERI,<br><br>**Plaintiff,**<br><br>v.<br><br>HCA, INC. d/b/a GOOD SAMARITAN HOSPITAL; MEDICREDIT, INC.; AND NPAS SOLUTIONS, LLC,<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**<br><br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>**(2) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

collection industry.

4. Plaintiff JOHN MAZAHERI ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of HCA, INC. d/b/a GOOD SAMARITAN HOSPITAL (hereinafter "Defendant Good Samaritan"), MEDICREDIT, INC. (hereinafter "Defendant Medicredit"), and NPAS SOLUTIONS, LLC (hereinafter "Defendant NPAS") (collectively referred to as "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

**JURISDICTION AND VENUE**

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

11. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and the Rosenthal Fair

Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Santa Clara, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the City of San Jose, County of Santa Clara, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a natural person allegedly obligated to pay a debt, and is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant Good Samaritan is a hospital owned by HCA, INC., which is a corporation incorporated in the State of Delaware with a principle place of business in Tennessee. Defendant Good Samaritan, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. Defendant Medicredit is a corporation incorporated under the laws of the State of Missouri. Defendant Medicredit, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term

is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

17. Defendant NPAS is a debt collection company, is incorporated in the State of Tennessee, and is registered in the State of California. Defendant NPAS, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

18. Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c). Defendant is a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore are "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

**FACTUAL ALLEGATIONS**

20. At all times relevant, Plaintiff is an individual residing within the City of San Jose, County of Santa Clara, in the State of California.

21. Plaintiff is informed and believes, and thereon alleges, that at all times

relevant, Defendants conducted business in the State of California.

22. Sometime on or around February 6, 2014, Plaintiff received medical services at the Good Samaritan Hospital located in the city of San Jose, State of California.

23. Sometime thereafter, Plaintiff allegedly incurred financial obligations to the original creditor, Defendant Good Samaritan, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

24. Afterwards, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant Medicredit and Defendant NPAS for collection.

25. Sometime on or about February 17, 2015, Plaintiff received a written communication from Defendant Medicredit stating that Plaintiff owed an alleged amount of $688.17 to Defendant Good Samaritan.

26. Thereafter, sometime on or about February 26, 2015, Plaintiff's insurance company, Blue Cross/Blue Shield, sent a letter to Defendant Medicredit stating that Plaintiff is not responsible for the alleged debt allegedly owed to Defendant Good Samaritan. This letter also states that Blue Cross/Blue Shield paid "100% of the contracted rate and as a preferred provider you should be writing off the difference of $688.17. You are currently billing the member the amount of $688.17 and we would like to request that the members account records be updated to show no patient responsibility."

27. Sometime thereafter, Defendant NPAS sent a written letter to Plaintiff, dated July 23, 2015, stating that the Plaintiff owed an alleged debt of $688.17 to Defendant Good Samaritan.

28. The February 17, 2015 and July 23, 2015 letters Plaintiff received from

Defendants Medicredit and NPAS are each considered a "communication" as 15 U.S.C. § 1692a(2) defines that term, and "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

29. Through this conduct, Defendants Medicredit and NPAS each violated 15 U.S.C §1692(d), which is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff. Thus, Defendants Medicredit and NPAS have each also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendants Medicredit and NPAS have each also violated 15 U.S.C §1692(e) and 15 U.S.C §1692(e)(10) which are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17, by using false, deceptive, or misleading representations or means in connection with the debt collection, and false representations or deceptive means to collect a debt, by making the false representations that Plaintiff owed an alleged debt that was in fact already paid by Plaintiff's insurance company, and therefore not due or owed Defendants. Thus, Defendants Medicredit and NPAS have each also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendants Medicredit and NPAS have each violated 15 U.S.C. § 1692e(2)(a) by making false, deceptive and misleading representations of the character, amount or legal status of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants have each also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendants Medicredit and NPAS have each violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants have each also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendants Medicredit and NPAS have each violated 15 U.S.C. § 1692f(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants have each also violated Cal. Civ. Code § 1788.17.

34. Through all the above-mentioned conduct, Defendants took actions against Plaintiff in attempt to collect an alleged debt from Plaintiff when such amount was not due or owed, and such collection was not permitted by law. Consequently, Defendants Medicredit and NPAS have each violated 15 U.S.C. §§ 1692(d); 1692e; 1692e(2)(A); 1692e(10); 1692f; and 1692f(1). These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants have each also violated Cal. Civ. Code § 1788.17.

35. As a result of Defendants' unfair, oppressive, and abusive conduct in connection with their debt collection activity, Plaintiff has suffered emotional distress by way of stress, frustration, anxiety, humiliation, embarrassment, anger, annoyance, lost time due to the fact that Defendants have continued their collection efforts despite receiving multiple communications indicating the debt is paid and does not belong to Plaintiff.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against Defendants Medicredit and NPAS]

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants Medicredit and NPAS.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

[Against All Defendants]

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

41. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against all Defendants;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendants Medicredit and NPAS;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against all Defendants;

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants Medicredit and NPAS;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against all Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants Medicredit and NPAS; and,
- any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 31, 2015                               **KAZEROUNI LAW GROUP, APC**

BY:   /S/ ABBAS KAZEROUNIAN
        ABBAS KAZEROUNIAN, ESQ.
        MONA AMINI, ESQ.
        ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626